# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **REGINALD A. MORGAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV263HEA/MLM |
| ) | |
| **MARYLOIS LACY,**[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court pursuant to the Petition for Writ of Habeas Corpus filed by Petitioner Reginald A. Morgan ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted and a Supplemental Response. Doc. 11, Doc. 12. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 9.

## I.
## BACKGROUND

On March 11, 1994, Petitioner was charged by Substitute Information in Lieu of Indictment as follows: Count I, the class A felony of assault in the first degree, in that on August 12, 1992, Petitioner knowingly caused serious physical injury to Jamar Morris by stabbing him; Count II, the class A felony of armed criminal action in that Petitioner committed the felony of assault in the first degree charged in Count I by, with, and through the use, assistance, and aid of a deadly weapon; and Count III, the class D felony of unlawful use of a weapon in that on August 12, 1992, Petitioner

---

[1] Petitioner is currently committed to the Missouri Department of Mental Health. Respondent Marylois Lacy as Chief Executive Officer of the St. Louis Psychiatric Rehabilitation Center is the proper party Respondent.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

knowingly exhibited, in the presence of one or more persons, a butcher knife, a weapon readily capable of lethal use, in an angry or threatening manner. Petitioner was charged as a prior offender in that, on April 18 1980, Petitioner was convicted of the felony of murder second degree. Resp. Ex. D at 1-2. On March 15, 1994, Petitioner filed Notice of Intent to Rely on Defense of Mental Disease or Defect. Resp. Ex. E. On March 15, 1994, the State filed an Acceptance of Sole Defense stating that it was accepting Petitioner's defense of mental disease or defect. Resp. Ex. F.

On March 15, 1994, the trial court issued an Order of Commitment which states that Doug Nemeck, M.D., of St. Louis State Hospital, evaluated Petitioner on or about January 12, 1993, and reported that Petitioner suffered from Schizophrenia Chronic Paranoid Type and that Petitioner was incapable of appreciating the nature, quality, or wrongfulness of his conduct or conforming his conduct to the requirements of the law at the time of the incident which led to the criminal charges pending against him. The Order of Commitment further states that the State accepted the defense of mental disease or defect excluding responsibility. The court found that the defense of mental disease or defect excluding responsibility should be sustained and ordered that Petitioner be committed to the Department of Mental Health ("DMH") and that he be kept for care and treatment in a State Mental Health Hospital. The court further ordered that:

> The defendant is not to be released therefrom except on order of this Court upon a determination through the procedures provided in Section 552.040 Missouri Revised Statutes, 1986, and unless it is determined by the Court that he does not have and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law.

Resp. Ex. A.

On August 18, 2004, the State court issued Judgment and Order for Partial Conditional Release, which stated that Petitioner filed an application for conditional release; that an objection was filed by the Assistance Circuit Attorney for the City of St. Louis; that a joint objection was filed by

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the DMH and the St. Louis Psychiatric Rehabilitation Center; and that a hearing was held on July 22, 2004. The court found that Petitioner failed to meet the statutory requirements for conditional release but that Petitioner was suitable for Partial Conditional Release. The conditions of Petitioner's Partial Conditional Release included, among other things, that Petitioner reside at the St. Louis Rehabilitation Center; that he may obtain competitive employment and/or attend psychosocial rehabilitation; and that if Petitioner failed to comply with the conditions of his Partial Conditional Release he would be evaluated for revocation. Resp. Ex. G at 1-4.

Petitioner filed his § 2254 Petition on January 20, 2005. In his § 2254 Petition Petitioner raises the following issues:

**(1)** Petitioner's conviction violates the Eighth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution;

**(2)** Thirteen years prior to the date Petitioner filed his § 2254 Petition, Petitioner was told that he would receive treatment in the Department of Mental Health for six months;

**(3)** Respondent is "practicing racial hate against [Petitioner]."

Doc. 1 at 9-10.

### III.
### EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1997).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. In Reed v. Ross, 468 U.S. 1 (1984), "the Supreme Court recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." McKinnon v. Lockhart, 921 F.2d 830, 833 (8th Cir. 1990) (citing Reed, 468 U.S. at 16). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 404-405.

In Duncan v Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." (citing Rose, 455 U.S. at 515-516; Darr, 339 U.S. at 204). The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The Court, in Duncan, recognized the need to reconcile the tolling provision of § 2244(d)(2) with the exhaustion requirement of § 2254(b). The Court held that:

> Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

Duncan, 533 U.S. at 179-80.

Respondent argues that Petitioner's § 2254 Petition for habeas relief should be denied because it is untimely. The limitation period of § 2254(d)(1) runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

## III.
## DISCUSSION

To the extent that Petitioner challenges the State court's March 15, 1994 Order of Commitment, Petitioner did not file either a direct appeal or a post-conviction relief motion in regard to the Order of Commitment. Petitioner filed his § 2254 Petition on February 2, 2005. Thus, by any calculation the court finds that Petitioner's § 2254 Petition is filed in excess of the 1-year statutory period and that it, therefore, is untimely.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

To the extent that Petitioner challenges in his § 2254 Petition the State court's August 18, 2004, Judgment and Order for Partial Conditional Release,[2] Petitioner's § 2254 Petition is not untimely. Rule 30.01(d) of the Missouri Rules of Appellate Procedure, however, provides that in a criminal case a notice of appeal must be filed no later than ten days after a judgment or order appealed from becomes final. The court's August 18, 2004 Judgment and Order was an appealable order. See, e.g., Jensen v. State, 926 S.W.2d 925, 926 (Mo. Ct. App. 1996). Petitioner acknowledges that he did not appeal the State court's denial of his Application for Conditional Release and its granting him Partial Conditional Release. Moreover, Petitioner did not file an appeal and/or a post-conviction relief motion regarding the Order of Commitment. Thus, Petitioner has not exhausted his State remedies. See Duncan, 533 U.S. at 178-79.

Additionally, because Petitioner has not filed either a direct appeal or a post-conviction relief motion, Petitioner has procedurally defaulted the issues raised in his § 2254 Petition. Petitioner states that he did not appeal the State court's Judgment and Order for Partial Conditional Release because "the doctor told [him] not to appeal." Doc. 1 at 7. This alleged reason, however, does not establish cause and/or excuse for procedural default; Petitioner does not suggest that the doctor prevented him from filing an appeal. See Dretke, 541 U.S. at 388-89. As such, the court further finds, in the alternative that Petitioner's § 2254 Petition should be dismissed because he procedurally defaulted the issues which he raises. The court will further consider, alternatively, whether the issues raised by Petitioner are cognizable pursuant to § 2254.

---

[2] Defendants acquitted by reason of mental disease or defect and subsequently committed to the custody of the Department of Mental Health may petition the State court for an unconditional release pursuant to Mo. Rev. Stat. § 552.040. Pursuant to this statute, the committed person must prove by the preponderance of the evidence that he "does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." § 552.040.6. See Jensen v. State, 926 S.W.2d 925, 926 (Mo. Ct. App. 1996).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Section 2254 requires that the petition "shall specify all the grounds for relief which are available to the petitioner." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that a habeas petition must specify the grounds upon which relief is sought). In Adams, 897 F.2d at 333, the court held that where the habeas petitioner generally referenced transcripts, case records, and briefs on appeal that he "patently" fail[ed] to comply" with the specificity requirements of § 2254. Thus, Petitioner has not complied with the specificity requirement of § 2254 in regard to Grounds 1, 2, and 3.

Petitioner's Grounds 1, 2, and 3 can also be interpreted to allege cumulative error. Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. United States v. Stewart, 20 F.3d 911, 917-918 (8th Cir. 1994). Cumulative effect of trial errors are not grounds for habeas relief. Stewart, 20 F.3d at 917-918; Wharton-El v. Nix, 38 F.3d 372, 375 (8th Cir. 1994); Griffin v. Delo, 33 F.3d 895, 903-904 (8th Cir. 1994). To the extent that Petitioner's § 2254 Petition alleges cumulative error in his § 2254 Petition the court finds that Petitioner has not stated grounds for relief pursuant to § 2254.

## CONCLUSION

For the reasons stated above, to the extent that Petitioner challenges the State court's March 15, 1994 Order of Commitment, the court finds that the § 2254 Petition filed by Petitioner is untimely. Alternatively, the court finds that Petitioner has failed to exhaust his State remedies in regard to the issues raised in his § 2254 Petition, that he has procedurally defaulted the issues raised in his Petition, and that the issues which he raises are not cognizable pursuant to § 2254. As such, Petitioner's § 2254 petition for habeas relief should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; [1]

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com